STATE OF CONNECTICUT *v.* PAUL P. LYTWYN

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 19, 1967

*James E. Murray III*, of Fairfield, for the defendant.

*John E. Vallerie, Jr.*, assistant prosecuting attorney, for the state.

BY THE DIVISION. The defendant, nineteen years of age, was charged with six counts of larceny, in violation of § 53-63 of the General Statutes. He was tried to the jury, who found him guilty on four counts, and on September 27, 1966, the court ordered him committed to the Connecticut reformatory on each count. The record does not show any direction by the court either that the sentences were to be served concurrently or consecutively. The established rule is that in the absence of a statute, where a person has received two or more separate sentences to imprisonment in the same penal institution and the judgments contain no provision that they shall run consecutively, they will be held to run concurrently. *Maher* v. *Cummings*, 19 Conn. Sup. 237, 240. Accordingly, the sentences must be held to run concurrently, and under the statute the defendant may not be detained in the reformatory for more than two years, where commitment has been ordered by the Circuit Court. General Statutes § 17-391.

On June 21, 1966, the defendant and two companions were at a poolroom in Fairfield. Three months previously, one of the companions had stolen from a gasoline station a key that opened 7-Up vending machines. They talked about stealing money from these machines, and during that night and the next morning they went to six gasoline stations in Norwalk and three in Westport where they opened 7-Up machines and stole amounts of money ranging from $5 to $25. At about 5 a.m., a passing police officer saw an open door in a gasoline station and investigated. He found the defendant and his two companions and took them into custody. The defendant's prior record consisted of three convictions on charges of breach of the peace, as far as can be determined in the absence of both a presentence investigation report and a transcript of the proceedings at the time of sentence.

As previously noted, sentence was imposed on September 27, 1966. However, the clerk of the Circuit Court did not give the defendant written notice of his right to file an application for review of his commitment within thirty days after such commitment was imposed, as required by statute. General Statutes § 51-195. This failure was apparently due to the fact that an appeal was taken, which was later dismissed by the Appellate Division of the Circuit Court, and the commitment to the reformatory was put into effect on January 13, 1967. At that time, the defendant was given notice of his right to file an application for review of his sentence, and he did so within thirty days. Because the defendant's failure to apply for review within thirty days after sentence of commitment to the reformatory was imposed appears to have been due to the failure of the clerk of the Circuit Court to give the defendant the required statutory notice, we have decided to entertain this application on its

merits. We point out that it is of great importance for the clerks of courts imposing sentences that are reviewable by this division to comply strictly with the provisions of § 51-195.

We are greatly handicapped in the consideration of this application because of the failure of the judge who imposed sentence to order a presentence investigation report. Section 54-109 provides as follows: "No defendant convicted of a crime . . . the punishment for which may include imprisonment for more than one year, shall be sentenced . . . until a written report of investigation by a probation officer has been presented to and considered by the court, if (1) the defendant is so convicted for the first time in this state . . . ." As the term required to be served by the defendant was not more than two years, we consider it mandatory for the court to require a presentence investigation report before imposing sentence if the defendant was convicted for the first time in this state of a crime the punishment for which may include imprisonment for more than one year, as was the case in respect to this defendant.

Unfortunately, we are unable to determine from the record the exact nature of the larcenies of which the defendant was found guilty. The information charges the crimes of larceny but contains no indication as to the value of the property stolen. Section 53-63 provides a range of sentences, depending on the value of the property in question. We were informed at the hearing on this application that the court charged the jury at the trial on the basis of property that did not exceed the value of $15. In such a case, the statute provides for a fine of not more than $25 or imprisonment for not more than thirty days or both. Accordingly, the maximum sentence of imprisonment that could have been

imposed on the four counts as to which the defendant was found guilty was an aggregate of 120 days, if there had not been a reformatory commitment.

The defendant's offenses here in question were all committed within a period of hours. His prior record was relatively minor. The sentence of not more than two years, without possibility of parole for nine months, under the parole rules in effect at the reformatory, was too severe and ought to be modified. We consider a term of six months an adequate penalty for the offenses in question.

It is ordered that the sentence imposed upon the defendant be suspended on July 13, 1967, and that the defendant be released from custody on that day.

PALMER, HEALEY and BARBER, Js., participated in this decision.