STATE OF CONNECTICUT *v.* RALPH SMITH
(7226)

BORDEN, SPALLONE and DALY, Js.

Argued May 2—decision released September 12, 1989

*Louis S. Avitabile,* with whom, on the brief, was *Denise Dishongh,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, was *James Turcotte,* deputy assistant state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the trial court's denial of his motion to open a judgment of conviction and to set aside his guilty pleas, filed nearly one year after he had pleaded guilty and nearly eleven months after he had been sentenced. The defendant claims that the court erred in ruling that it had no authority to grant his motion and in refusing to hold an evidentiary hearing on the factual claims raised by his motion. We find no error.

On June 30, 1987, the defendant pleaded guilty to a substitute information charging him with sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1), two counts of risk of injury to a child in violation of General Statutes § 53-21, and sexual assault in the fourth degree in violation of General Statutes § 53-73a (a) (1) (A). On August 21, 1987, he was

sentenced to an effective sentence of twelve years, execution suspended after six years, followed by five years probation. No appeal was taken, and he is serving his sentence. On July 6, 1988, he moved to open the judgment of August 21, 1987, and to set aside his guilty pleas on the grounds that on the dates of his pleas and sentencing he (1) was under the influence of drugs affecting his ability to think clearly, (2) did not know the consequences or meaning of his plea agreement regarding his sentence, and (3) was denied effective assistance of counsel. The court denied his motion without an evidentiary hearing. This appeal followed.[1]

Although the defendant entitled his motion a "Motion To Open Judgment," and although he attempts to persuade us to analyze his claims under the rubric of the court's inherent power to open its own "void" judgment at any time, it is clear that the essence of his motion was a request to withdraw his guilty pleas and, therefore, to set aside the judgment of conviction that followed those pleas. Indeed, his factual allegations are precisely among those contemplated by Practice Book § 721 for allowing a defendant to withdraw his plea of guilty after its acceptance but before the conclusion of the sentencing proceedings, namely, "(2) [t]he plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed . . . [or] (4) [t]he plea resulted from the denial of effective assistance of counsel . . . ." The defendant cannot change the nature of his motion by changing its title any more than one can make a bull a cow by giving it a female name. See *State* v. *Gooch,* 186 Conn. 17, 18, 438 A.2d 867 (1982). Thus, we analyze the defendant's motion for what it is, namely, a motion to withdraw his guilty pleas entered on June 30, 1987.

[1] The defendant has also filed a habeas corpus action alleging the same facts asserted in his motion in this case.

Practice Book § 720[2] and *State* v. *Kiss,* 3 Conn. App. 400, 488 A.2d 845 (1985), dispose of the defendant's principal claim. Practice Book § 720 provides that "[a] defendant may not withdraw his plea [of guilty or nolo contendere] after the conclusion of the proceeding at which the sentence was imposed." *State* v. *Kiss,* supra, held that the trial court was correct in denying the defendant's motion to withdraw his guilty plea, filed three years after sentence was imposed, as untimely because the motion was not filed before the sentence was imposed. See also *State* v. *Brown,* 19 Conn. App. 640, 563 A.2d 1379 (1989).

The defendant also poses an argument based on *State* v. *Wilson,* 199 Conn. 417, 437, 513 A.2d 620 (1986), and *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131–32, 429 A.2d 837 (1980). He argues that *Wilson* established that the so-called four month rule for opening civil judgments; see Practice Book § 326;[3] applies to criminal cases. He then argues that *Kenworthy* established a common law exception to the four month rule applicable to this case, namely, that at any time "a judgment rendered by the court upon the consent of the parties, which is in the nature of a contract to which the court has given its approval, can subsequently be opened without the assent of the parties if it is shown that the stipulation, and hence the judgment, was obtained by

[2] Practice Book § 720 provides: "A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

[3] Practice Book § 326 provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court. . . ."

fraud, in the actual absence of consent, or by mutual mistake." *Kenworthy* v. *Kenworthy,* supra, 131. The defendant's argument breaks down, however, at its first step, because *State* v. *Wilson,* supra, does not apply to this case.[4]

In *Wilson,* the court applied Practice Book § 326 and held that a criminal trial court could not revise its factual findings, as expressed in its original memorandum of decision, more than four months after the defendant was sentenced. *State* v. *Wilson,* supra, 437–38. *Wilson* did not address the issue in this case, namely, whether a defendant may be permitted to withdraw his guilty plea after the conclusion of the proceedings at which he was sentenced. The defendant would have us read *Wilson* so as to eviscerate Practice Book § 720, by holding that the defendant may, upon a showing of lack of proper understanding, return to the original trial court and withdraw his guilty plea at any time. Such a holding would also mean that Practice Book § 326, primarily a general civil rule, would obliterate Practice Book § 720, a specific criminal rule. We see nothing in *Wilson* to support such a reading, and no reason or policy to so hold.

The defendant may, of course, raise his claims by way of a petition for a writ of habeas corpus, which he has done. That is his proper remedy.

There is no error.

In this opinion the other judges concurred.

---

[4] We therefore need not decide whether, if *State* v. *Wilson,* 199 Conn. 417, 513 A.2d 620 (1986), applied to the withdrawal of a guilty plea, the rule established in *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 429 A.2d 837 (1980), would also apply.