STATE OF CONNECTICUT *v.* WILLIAM BAWZA (7973)

BORDEN, SPALLONE and LAVERY, Js.

Argued November 15, 1989—decision released January 9, 1990

*William Bawza,* pro se, the appellant (defendant).

*Timothy J. Sugrue,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the trial court's denial of a motion to modify his sentence or to place him on intensive probation. We find no error.

On April 14, 1988, the defendant pleaded guilty to assault in the first degree in violation of General Statutes § 53a-59 (a) (3). The trial court found that the plea was made freely and voluntarily and that there was a factual basis for it. On May 27, 1988, the court imposed the agreed upon sentence of five years. Shortly thereafter, the defendant, acting pro se, applied for intensive probation in accordance with General Statutes

§ 53a-39. The trial court, *Noren, J.*, referred the motion to the office of adult probation for investigation. The probation office did not recommend intensive probation and the trial court denied the motion. In January, 1989, the defendant filed another motion for modification of the sentence or for intensive probation. The trial court, *Shaughnessy, J.*, again referred the motion to the probation department, which recommended against the motion. The trial court denied the motion and the defendant appealed. The defendant did not appeal from the original conviction or the agreed upon sentence.

The defendant claims that the trial court erred because (1) the factual basis of the plea as adduced at the plea hearing supports only a conviction of assault in the second degree, and (2) the sentencing court was under the mistaken impression that the defendant was subject to a mandatory minimum sentence of five years.

Because § 53a-39[1] allows a judge to modify a sentence of three years or less and the agreed upon sentence in this case was for five years, the court had no power to modify the sentence. As to the application under § 53a-39 for intensive probation, the office of adult probation twice gave the defendant an unfavorable recommendation and twice the trial court in the proper exercise of its discretion denied the motion.

[1] General Statutes § 53a-39 provides in pertinent part: "At any time during the period of a definite sentence of three years or less, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which he could have been originally sentenced. At any time during the period of a definite sentence of at least two years but not more than five years, the sentencing court or judge shall refer any application of a defendant seeking placement in the intensive probation program to the office of adult probation for assessment and recommendations and may, after hearing and for good cause shown, order the defendant discharged on intensive probation in accordance with subsection (b) of section 54-105 for a period of at least one year but not more than the unexpired portion of the sentence."

The claims of error concerning the plea and sentencing[2] are not reviewable in this appeal. The defendant's claim concerning the factual basis for his plea was untimely, because he did not raise it prior to his sentencing. *State* v. *Smith,* 19 Conn. App. 646, 648–50, 563 A.2d 1034 (1989). Similarly, his claim concerning the sentencing procedure was not raised by motion to the trial court until approximately eight months after the sentence was imposed. This defendant cannot convert what are essentially attempts to withdraw his guilty plea and to challenge his sentence into viable appellate issues simply by seeking relief under § 53a-39 that he was not entitled to receive.

There is no error.

---

[2] In any event, the claims of error concerning the plea and sentencing have not been properly preserved and we will comment on them only briefly. A review of the plea shows that, not only were there sufficient facts to justify a plea of guilty to a charge of assault in the first degree, but there were sufficient facts to justify a charge of robbery in the first degree in violation of General Statutes § 53a-134 (a), which is a class B felony. It is beyond dispute, therefore, that the defendant profited from his plea bargain. As to the second ground, the sentence of five years was agreed upon as part of the plea bargain. In *State* v. *Coleman,* 17 Conn. App. 307, 312–13, 552 A.2d 442 (1989), this court held that an error in the recitation of the mandatory minimum sentence did not affect a determination that the plea was knowingly and voluntarily made.

Neither of these claims is truly of constitutional proportion; see *State* v. *Huff,* 10 Conn. App. 330, 334, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987); and they are therefore not reviewable under the bypass doctrine of *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). The sentence in the present case was the one for which the defendant bargained.