STATE OF CONNECTICUT *v.* PETER TUSZYNSKI
(8212)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued April 6—decision released September 11, 1990

*Mary H. Lesser,* deputy assistant state's attorney, with whom, on the brief, were *Donald B. Caldwell,* state's attorney, and *Patricia Swords,* assistant state's attorney, for the appellant (state).

*Richard P. Lawlor,* for the appellee (defendant).

O'CONNELL, J. The state appeals from the trial court's modification of a five year sentence previously imposed on the defendant. The state asserts that the trial court lacked jurisdiction to modify any sentence in excess of three years, and the defendant counters that since he was not notified of his right to apply for sentence review, the sentence was illegal and could be corrected at any time. We reverse the judgment of the trial court.

The facts are not in dispute. On March 29, 1989, the defendant, pursuant to a plea agreement, pleaded guilty to two substitute informations, each of which represented a reduction in the degree of seriousness or in the number of crimes charged in the original informations.[1] As part of the plea agreement, the state agreed to make no sentence recommendation, leaving that matter solely to the sentencing court. The trial court properly canvassed the defendant concerning the voluntariness of his plea and his knowledge of the maximum sentence to which he was exposed.

On May 10, 1989, the defendant was sentenced to a total effective sentence of five years, suspended after forty-two months, to be followed by a two year period

---

[1] The defendant pleaded guilty to one count of burglary in the second degree in violation of General Statutes § 53a-102, one count of burglary in the third degree in violation of General Statutes § 53a-108, and one count of larceny in the third degree in violation of General Statutes § 53a-124.

of probation. Six days later, the defendant filed a motion for sentence modification, annexing thereto an alternate sentencing plan. On May 31, 1989, the court held a hearing, granted the defendant's requested modification, and reduced the period of incarceration to "time served" and increased the probation period to three years.

On June 13, 1989, the court held a hearing on the state's motion for reconsideration of the modification. At this hearing, the court appears to have gone through the legal machinations of modifying the "illegal" sentence from forty-two months to three years and then granting the motion to modify the three year sentence to time served. The state did not prevail on its motion for reconsideration, and the defendant was released from custody that day.[2] With the court's permission, the state has appealed.

The trial court's jurisdiction to modify a lawful sentence is derived from Practice Book § 934 and the essentially identical language of General Statutes § 53a-39. Section 53a-39 provides in pertinent part that "[a]t any time during the period of a *definite sentence of three years or less,* the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence . . . ." (Emphasis added.)[3] The defendant clearly based his request for modification of his sentence on that statute. In his motion, he sought only to substitute an alternative sentence for the one imposed. He made no claim at that time that the original sentence was illegal, nor does the record disclose any finding of illegality by the trial court.

---

[2] The defendant also admitted to a violation of probation and received a three year concurrent sentence for that offense. The record does not disclose what happened to that sentence when the sentence was modified.

[3] The pertinent part of Practice Book § 934 is identical except that it refers to the "judicial authority" instead of the "sentencing court or judge."

The defendant *now* argues that the sentence was illegal because he was not given written notice of his right to apply for sentence review as required by General Statutes § 51-195. That section provides in part that "[u]pon imposition of sentence . . . the clerk shall give written notice to the person sentenced of his right to [seek sentence review]. . . . A form for making such application shall accompany the notice."[4] The application for review must be filed with the clerk of the court within thirty days of the date sentence was imposed. Id. The defendant claims that the failure of the clerk to give him notice deprived him of his right to apply for sentence review and his sentence is therefore illegal. The defendant then extends his argument to claim that his illegal sentence may be corrected by the sentencing court pursuant to Practice Book § 935, which grants the sentencing court authority to correct illegal sentences.[5]

Even if we assume that the defendant's argument is correct, it is of no avail because he has failed to show that he was prejudiced by the clerk's failure to deliver the required notice. *State* v. *Lytwyn*, 27 Conn. Sup. 78, 230 A.2d 40 (1967), upon which he relies, is inapposite. In *Lytwyn*, the defendant was deprived of an opportunity to be heard before the sentence review division

---

[4] The failure to give the defendant notice of his right to apply for sentence review was not necessarily an oversight on the part of the clerk. Under the interpretation of "plea agreement" in effect at the time the defendant was sentenced, he was not entitled to sentence review or to notice thereof. While this appeal was pending, the Supreme Court decided *Staples* v. *Palten*, 214 Conn. 195, 200–201, 571 A.2d 97 (1990), defining "plea agreement" to exclude an agreement that did not provide for an agreed term of years. For purposes of this case, the parties treated *Staples* as applicable and so do we.

[5] Practice Book § 935 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

because the court clerk failed to give him the required notice in time to meet the thirty day deadline. Id., 80. Here, despite the defendant's claim that his sentence was illegal, he filed his motion for sentence modification a mere six days after sentencing. If, only six days after sentencing, the defendant was actually complaining that his sentence was illegal because of lack of notice of his right to apply for sentence review, he obviously became aware of his right to apply well within the statutory period.

The clerk must deliver a notice of sentence review rights at the time of sentencing in order to assure that the defendant can timely exercise them. In the present case, the defendant has demonstrated that he had full knowledge of those rights in time to act but chose instead to complain about a technical omission by the clerk. We will not exalt form over substance. The defendant had the option of filing a timely and proper application for sentence review, but instead he filed this improper motion for sentence modification. See General Statutes § 53a-39 (court's power to modify limited to definite sentences of three years or less).

Moreover, the lack of timely notice of the right to apply for sentence review did not render the defendant's original sentence illegal. The defendant's sentence was clearly legal at the time it was imposed in that it was within the permissible range for the crimes charged. See General Statutes § 53a-35a. The claimed error could not have affected the determination of the sentence itself. C.f., *People* v. *Jordan,* 85 Mich. App. 459, 271 N.W.2d 275 (1978) (defendant denied right of allocution prior to sentencing); *Ryan* v. *Crist,* 172 Mont. 411, 563 P.2d 1145 (1977) (court improperly considered unconstitutional prior conviction). Those cases involved situations in which the sentence might have been different had the irregularity not occurred. Since the right to sentence review does not arise until after a sentence

has been determined and imposed, failure to give notice of that right does not result in an illegal sentence. Consequently, the trial court here could not act under Practice Book § 935 to alter the sentence.

The jurisdiction of the sentencing court terminates when the sentence is put into effect, and that court may no longer take any action affecting the sentence unless it has been expressly authorized to act. *State* v. *Walzer,* 208 Conn. 420, 424–25, 545 A.2d 559 (1988). No such authority existed in the present case. The modification statute, § 53a-39, did not apply because the sentence was for more than three years and the rule providing for correction of illegal sentences, Practice Book § 935, did not apply for the reasons set forth. The court, therefore, had no jurisdiction to modify or correct the defendant's original sentence.

The defendant also tries to find jurisdiction for the court's action in the intensive probation provision of General Statutes § 53a-39. He asserts that the strict regime of the alternate sentencing program that was approved by the trial court qualifies as intensive probation under § 53a-39. This argument is unavailing because "intensive probation" is a statutory term of art and is not simply "probation that is intensive." Public Acts 1987, No. 87-538, § 1, now General Statutes § 53a-39, created a special category of sentenced inmates who could be released after serving one half of the unsuspended portion of their sentences. The defendant does not qualify to seek relief under this section.

The defendant also attempts to justify the court's action under Practice Book § 326.[6] He suggests that

---

[6] Practice Book § 326 provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed."

*State* v. *Wilson,* 199 Conn. 417, 437, 513 A.2d 620 (1986), extended the four month rule for opening civil judgments to criminal cases. His argument has no merit. This court soundly rejected a similar claim in *State* v. *Smith,* 19 Conn. App. 646, 650, 563 A.2d 1034 (1989), where we held that *Wilson* does not apply when there is a specific criminal rule on point. This claim is governed by both a statute and a rule and, therefore, *Wilson* has no effect.

The judgments modifying the sentence are reversed, and the case is remanded to the trial court with direction to reinstate the original sentence.

In this opinion the other judges concurred.