## STATE OF CONNECTICUT *v.* DENNIS LUZIETTI
### (11466)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued May 5—decision released July 13, 1993

1

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Philip Scarpellino,* assistant state's attorney, for the appellant (state).

*Barry N. Silver,* for the appellee (defendant).

O'CONNELL, J. The state, with permission of the trial court,[1] appeals from the judgment of acquittal rendered after the defendant had commenced service of a sentence imposed following conviction by a jury. The state claims that the trial court lacked jurisdiction to entertain the defendant's motion for acquittal because he had already commenced serving his sentence. The state further claims that even if the court had jurisdiction, it improperly granted the defendant's motion for acquittal. We reverse the judgment of the trial court.

The defendant was charged in a two count information with operating a motor vehicle while his license was under suspension in violation of General Statutes § 14-215 (c) and reckless driving in violation of General Statutes § 14-222. On March 31, 1991, the defendant was found guilty by a jury on both counts. The trial court sentenced the defendant to a term of imprisonment of one year, execution suspended after nine months, with two years probation, 200 hours of community service and a $750 fine on the operating under suspension count. On the reckless driving count, the defendant was sentenced to a term of thirty days, consecutive to the operating under suspension sentence,

[1] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused."

and a $300 fine, for a total effective sentence of one year and thirty days imprisonment, execution suspended after ten months, with two years probation, 200 hours of community service and $1050 in fines.

The execution of the defendant's sentence was stayed until April 7, 1992, at which time the trial court heard and subsequently denied the defendant's posttrial motions, including a motion for judgment of acquittal. Shortly thereafter, the defendant began serving his sentence. On May 19, 1992, nearly six weeks into that sentence, the defendant filed a motion to reargue his previously denied motion for judgment of acquittal.[2] The trial court granted reargument and, following a hearing on May 22, 1992, granted the defendant's motion for acquittal on the operating under suspension conviction only.

The state first claims that the trial court lacked jurisdiction to grant the defendant's motion for judgment of acquittal after he had commenced service of the sentence. The defendant counters by claiming that General Statutes § 53a-39[3] and Practice Book § 934[4] provided the trial court with the necessary jurisdiction to grant the defendant's motion for acquittal.

---

[2] The defendant claimed in his motion for reargument that his discovery after trial of previously unknown case law justified an acquittal on the operating under suspension conviction. The state contests this claim but because our decision on the jurisdictional question is dispositive of the appeal, we do not reach this question.

[3] General Statutes § 53a-39 provides: "At any time during the period of a definite sentence of three years or less, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which he could have been originally sentenced."

[4] Practice Book § 934 includes the same provisions as General Statutes § 53a-39 except that it refers to the "judicial authority" instead of the "sentencing court or judge."

"In a criminal case the imposition of sentence is the judgment of the court." *State* v. *Moore,* 158 Conn. 461, 463, 262 A.2d 166 (1969). " 'When the sentence is put into effect and the prisoner is taken in execution, custody is transferred from the court to the custodian of the penal institution. At this point jurisdiction of the court over the prisoner terminates. . . .' " *State* v. *Walzer,* 208 Conn. 420, 424–25, 545 A.2d 559 (1988). Once jurisdiction over the prisoner terminates, the sentencing "court may no longer take any action affecting the sentence unless it has been expressly authorized to act." *State* v. *Tuszynski,* 23 Conn. App. 201, 206, 579 A.2d 1100 (1990); *State* v. *Nardini,* 187 Conn. 109, 123, 445 A.2d 304 (1982); *Kohlfuss* v. *Warden,* 149 Conn. 692, 695–96, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235 (1962). The legislature has conferred on trial courts continuing jurisdiction to act on their judgments after the commencement of sentence under a limited number of circumstances. See, e.g., General Statutes §§ 53a-29 through 53a-34 (permitting the trial court to modify terms of probation after sentence is imposed); General Statutes § 52-270 (granting jurisdiction to trial court to hear a petition for a new trial after execution of original sentence has commenced); General Statutes § 53a-39 (allowing the trial court to modify sentences of less than three years provided a hearing is held and good cause shown).

On reargument, the defendant cited, with the trial court's approval, Practice Book § 6[5] as the source of the court's jurisdiction to grant his motion for acquittal. In an apparent abandonment of that argument, however, the defendant now contends that General

---

[5] Practice Book § 6 provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work suprise or injustice."

Statutes § 53a-39,[6] the sentence modification statute, confers such jurisdiction. The defendant's position is unavailing in either case.

The court's reliance on Practice Book § 6 was misplaced because "Practice Book rules do not ordinarily define subject matter jurisdiction." *State* v. *Carey,* 222 Conn. 299, 307, 610 A.2d 1147 (1992). Moreover, General Statutes § 51-14 (a), which authorizes judges of the Superior Court to promulgate rules "regulating pleading, practice and procedure in judicial proceedings," explicitly states that "[s]uch rules shall not abridge, enlarge or modify any substantive right nor the *jurisdiction* of any courts." (Emphasis added.) General Statutes § 51-14 (a). Accordingly, the defendant's argument must fail.

The defendant is similarly mistaken in his claim that General Statutes § 53a-39 confers the necessary jurisdiction. Section 53a-39 grants authority to a sentencing court to reduce sentences of less than three years, provided a hearing is held and good cause is shown. *State* v. *Walzer,* supra, 430. It is inapplicable in the present case because the defendant did not seek modification of his *sentence.* What the defendant sought was an acquittal or nullification of his *conviction* based on an insufficiency of the evidence claim. Nothing in § 53a-39 nor any other statute confers on a trial court the jurisdiction to entertain a motion for acquittal after service of a sentence has commenced. The defendant's remedy was by way of appeal.

We therefore hold that the trial court's granting of the defendant's motion of acquittal after the start of his sentence violated the common law rule that a court is without jurisdiction to modify its judgment in the absence of appropriate enabling legislation. Because

[6] See footnote 3, supra.

our discussion of the first claim is dispositive of the appeal, we do not reach the second claim.

The judgment of acquittal is reversed and the case is remanded with direction to render judgment reinstating the conviction and sentence.

In this opinion the other judges concurred.