[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR REDUCTION OF SENTENCE CT Page 3409
This matter concerns a motion for a sentence reduction filed on February 15, 1994, by the defendant, Todd Carter Morrison. The defendant's conviction arose from a fatal shooting on August 28, 1983. On October 9, 1984, following pleas of guilty, this court, Budney, J., sentenced the defendant to fifty years for the crime of murder,[1] and twenty-five years for the crime of kidnapping.[2]
Since the terms of imprisonment were imposed concurrently, the total effective sentence was fifty years.
A motion for a sentence reduction is governed by General Statutes 53a-39. The operative date for determining the defendant's rights under 53a-39 is the date the crime was committed. See State v. Millhouse, 3 Conn. App. 497, 490 A.2d 517
(1985). On that date, August 28, 1983, General Statutes 53a-39
read as follows:
 At any time during the period of a definite sentence of three years or less, the sentencing court or judge may, after a hearing and for good cause shown, reduce the sentence, order the defendant discharged, or the defendant discharged on probation or conditional discharge for a period not to exceed that to which he could have been sentenced originally.
Id. (emphasis added). Since the defendant's original sentence exceeds the three year statutory mandate, this court lacks jurisdiction to modify the sentence. See State v. Tuszynski,23 Conn. App. 201, 206, 579 A.2d 1100 (1990); State v. Bawza,20 Conn. App. 467, 468, 567 A.2d 1262 (1990).
The defendant argues that, notwithstanding the express language of 53a-39, his right to request a sentence reduction is still protected under Practice Book 934 as it existed on the date of his offense. Practice Book 934 was amended, effective October 1, 1983, to mirror the statutory language of General Statutes53a-39.[3] However, on the date of the defendant's offense, thirty-four days before the amendment was effective, Practice Book 934 read:
 At any time during the period of a definite sentence, the judicial authority may, after a hearing and for good cause shown, reduce the sentence or order the defendant discharged or released on probation or on a conditional CT Page 3410 discharge for a period not to exceed that to which he could have been sentenced originally.
This provision did not contain the "three years or less" limitation. Therefore, the issue arises, whether the General Statutes or the Practice Book, as it existed on the date of the defendant's offense, govern the plaintiff's sentence reduction rights.
In Hornak v. Warden, State Prison, 40 Conn. Sup. 238,488 A.2d 850 (1985, Aspell, J.), the court addressed this precise issue. In holding that General Statutes 53a-39 is the governing provision, the court declared:
 It is established that "courts have inherent power, independent of statutory authorization, to prescribe rules to regulate their proceedings and facilitate the administration of justice as they deem necessary." State v. King, 187 Conn. 292, 297, 445 A.2d 901 (1982), quoting State v. Clemente, 166 Conn. 501, 514, 353 A.2d 723
(1974). However, "[s]uch rules shall not abridge, enlarge or modify any substantive right." State v. King, supra, quoting General Statutes 51-14(a). "Just as the general assembly lacks the power to enact rules governing procedure that is exclusively within the power of the courts; so do the courts lack the power to promulgate rules governing substantive rights." State v. King, supra. The broad division between the power of the courts and the power of the legislature has been described as follows: "`It is the province of the legislative department to define rights and prescribe remedies: of the judicial to construe legislative enactments, determine the rights secured thereby, and apply the remedies prescribed.'" State v. Clemente, supra, 509-510, 353 A.2d 723. In the present action, [the defendant] concedes the nature of these provisions are ameliorative and govern the plaintiff's reduction "rights." Therefore, the court finds that General Statutes 53a-39 would govern this situation as it prescribes a remedy for the accused.
Hornak v. Warden, State Prison, supra, 242; see also State v. Luzietti, 32 Conn. App. 1, 5, 628 A.2d 8 (1993) ("General Statutes51-14(a) , which authorizes judges of the Superior Court to promulgate rules `regulating pleading, practice and procedure in CT Page 3411 judicial proceedings,' explicitly states that `[s]uch rules shall not abridge, enlarge or modify any substantive right nor the jurisdiction of any courts.'"). The court adopts the reasoning of Hornak, and accordingly, denies the motion for sentence reduction.
BUDNEY, J.