[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a claimant in a pending worker's compensation proceeding, served a subpoena duces tecum on the commissioner of corrections demanding the plaintiff's personnel record, all "force reports" and incident reports filed by the plaintiff or other correctional officers while the plaintiff was on duty, and "[t]he names of all inmates held at the Bridgeport Correctional Facility between 4/18/86 and 4/30/91 who were known to have AIDS or the HIV virus." When the commissioner refused to comply, the plaintiff submitted an application to the superior court pursuant to General Statutes § 51-85[1] to compel compliance with the subpoena.
The plaintiff's application, dated March 8, 1995, was apparently served on the defendant and submitted to the clerk of the court for filing on March 10, 1995. Although it was stamped "filed", it was returned to the plaintiff's attorney with a cover page because it lacked an order to show cause. By pleading dated March 23, 1995, the defendant responded to the plaintiff's application. That response included a motion to quash the subpoena. The defendant's response was returned to the assistant attorney general handling the matter together with a cover page because there was no case pending. CT Page 12347
On April 26, 1995, the plaintiff served the defendant with a second application. This application included an order that the defendant appear before the court on May 8, 1995 at 10:00 a.m. to show cause why the application should not be granted. Within one or two days of the state's being served, the assistant attorney general handling the matter called the court clerk's office to inquire as to whether the matter was pending. He was told by an assistant clerk that it was not pending. The assistant attorney general made two or three additional calls to the clerk's office and was told by an assistant clerk each time that the matter was not pending. An assistant clerk testified that if anyone called and inquired as to the status of the matter on or before May 1, 1995, she would be told that no such matter was pending. After May 1, an assistant clerk should have told the caller that the matter was pending, but by mistake might not have.
The matter proceeded on May 8, 1995 without the presence of the defendant. The court (Rush, J.) granted the application. The state now seeks to vacate that order.
General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed." Practice Book § 326 is to the same effect. A motion under either section is addressed to the sound discretion of the court.Sanchez v. Warden, 214 Conn. 23, 35 (1990).
The plaintiff asserts that the issue before the court is one of "good faith" and that the defendant did not exercise it because he never called the plaintiff's attorney to ascertain whether he intended to prosecute his application on May 8, 1995. The issue is whether there exists a "good and compelling reason" to disturb the judgment. Hirtle v. Hirtle, 217 Conn. 394, 398,586 A.2d 578 (1991); TLC Development, Inc. v. Planning ZoningCommission, 215 Conn. 527, 533-34, 577 A.2d 288 (1990); Gillis v.Gillis, 214 Conn. 336, 340-41, 572 A.2d 323 (1990); Sanchez v.Warden, 214 Conn. 23, 35, 570 A.2d 673 (1990); Acheson v. White,195 Conn. 211, 214-15, 487 A.2d 197 (1985); Steve Viglione SheetMetal Co. v. Sakonchick, 190 Conn. 707, 713, 462 A.2d 1037
(1983). It is true that the defendant's attorney could well have telephoned or otherwise corresponded with the plaintiff's attorney to determine if the matter was going to be pursued on CT Page 12348 May 8, 1995. Indeed, the defendant's attorney could have travelled from Hartford or Wethersfield to Bridgeport on May 8, 1995, the date of the supposed hearing. However, the court is persuaded that the defendant's attorney would have appeared but for the erroneous information he received from the court clerk on and after May 1, 1995. That attorney was entitled to rely on the information given him by the clerk as to the pendency of this matter, and the substantive rights of the defendant could not be nullified by the clerk by his simple mistake. Kron v. Thelen,178 Conn. 189, 197, 423 A.2d 857 (1979); In re Valerie D., 223 Conn. 492,534, 613 A.2d 748 (1992); Plasil v. Tableman, 223 Conn. 68,76, 612 A.2d 763 (1992); Trip Falls Realty Holding Ltd.Partnership v. Board of Tax Review, 29 Conn. App. 97, 104,612 A.2d 814 (1992); State v. Lytwyn, 27 Conn. Sup. 78, 80-81,230 A.2d 40 (1967). As in Cholewinski v. Conway, 14 Conn. App. 236,242, 540 A.2d 391 (1988), the defendant is entitled to open the judgment. Even if that were not "compelling" reason, the relief sought implicates an important public interest. The legislature has mandated that the release of confidential HIV-related information be narrowly circumscribed. See General Statutes §§19a-583, 19a-584, 19a-585.[2] "It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. The design of the rules of practice is both to facilitate business and to advance justice; `they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice.'" Snow v. Calise, 174 Conn. 567, 574,392 A.2d 440 (1978).[3]
The motion to vacate is granted.
BY THE COURT
Bruce L. Levin Judge of the Superior Court