[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO CORRECT ILLEGAL SENTENCEAND MOTION FOR EVIDENTIARY HEARING
The defendant, Charles Batts, seeks correction of his sentence on the basis that it was illegally imposed. This is the third such motion filed by Batts. Batts also seeks a "full-blown" evidentiary hearing in order to litigate claims concerning his presentence report. For the reasons set forth below, both motions are denied.
The procedural history of this case is, in part, as follows:
On February 21, 1987, Batts pleaded guilty to one count of risk of injury to a minor in violation of General Statutes § 53-21. On June 26, 1987, the court (Hadden, J.) sentenced Batts to ten years execution suspended after three and one-half years and five years probation. In January 1989, Batts was arrested for violation of probation and on July 12, 1989 a hearing was held before the court (Quinn, J.). After the hearing, Judge Quinn found Batts in violation of probation, revoked probation and imposed the unexecuted portion of the sentence. On July 31, 1989, Batts appealed the judgment revoking his probation to the Appellate Court. The Appellate Court affirmed the judgment. SeeState v. Batts, 21 Conn. App. 804 (1990).
On May 21, 1993, Batts filed his first motion to correct sentence alleging that the amount of prison time imposed by Judge Quinn after the revocation of probation was incorrect. This motion was denied by the court (Ronan, J.) on June 23, 1993.
On August 18, 1995, Batts filed his second motion to correct illegal sentence alleging errors in trial counsel's performance and that his supervision on intensive probation was illegal. This motion was denied by the court (Damiani, J.) on August 22, 1995.
On April 10, 1996, Batts filed the two pending motions which, as stated above, assert that he is being held without jurisdiction and that his sentence was illegal, and further claims that an evidentiary hearing is required to litigate a number of alleged errors in his presentence report. CT Page 4054-JJ
On May 8, 1996, the court held a hearing on the motions. At that hearing, Batts orally stated the grounds on which he claims his sentence is illegal and his reasons for seeking a review of his presentence report. Batts asserted that his sentence was illegal because (1) he is being held without the jurisdiction of court; (2) his probation revocation was not supported by reliable evidence; (3) the sentence imposed on July 12, 1989 exceeded the jurisdiction of the court; (4) the type of probation supervision applied to him violated his rights to due process of law; (5) the type of probation applied to him was in contempt of the court's order; and (6) his original arrest was illegal. Batts further claimed that his presentence report was used by the Department of Corrections officials to create a criminal profile of him that affected his ability to be released into the community. He claims that his classification is incorrect because the presentence report on which it is based contains numerous errors.
Practice Book § 935 permits the judicial authority to correct an illegal sentence at any time. Despite Batts' claims, there is nothing to indicate that the sentence is illegal.[1] The sentence is within the statutory penalties proscribed by the legislature and was initially imposed after the defendant's guilty plea. In addition, the sentence imposed after the probation revocation was subject to appellate review.
Moreover, Practice Book § 925 requires counsel to bring any claimed inaccuracies in the presentence report to the sentencing court's attention. Batts advances no authority to support the view that if these issues are not raised with the sentencing judge, further consideration of them after sentencing is permitted. To the extent that Batts claims that he is improperly classified by corrections, such claims must be adjudicated in a collateral proceeding.
In a criminal case, the imposition of sentence is the judgment of the court. State v. Luzietti, 32 Conn. App. 1, 4
(1993). When the sentence is put into effect, custody of the defendant is transferred from the court to the custodian of the penal institution. Id. At this point, jurisdiction of the court over the defendant terminates. Id. Once jurisdiction over the defendant terminates, the sentencing court may no longer take any action unless it has been expressly authorized to act. Id.
General Statutes § 53a-39 does permit a court to modify a definite sentence for good cause shown. This statute is not CT Page 4054-KK applicable to Batt's case because it only applies to sentences of three years or less unless the state's attorney consents to review of the sentence. No such consent is contained in the papers submitted by Batts.
Batts may be able to raise his claims of illegal confinement through a collateral proceeding, but as to the present judgment the court is without jurisdiction to modify what is facially a legal and valid sentence.
Conclusion
For the reasons set forth above, the defendant's motion for an evidentiary hearing is denied. In addition, the defendant's motion to correct illegal sentence is also denied.
Dated at New Haven, Connecticut this 15th day of May, 1996.
Robert J. Devlin, Jr., Judge.