[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have moved "to dismiss this summary process action on the ground that the plaintiffs' failure to comply with Practice Book § 185 deprives the court of jurisdiction."[1]
"As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." Lampasona v.Jacobs, 209 Conn. 724, 729, 553 A.2d 175, cert. denied,492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed.2d 590 (1989). Paragraph 6 of the plaintiffs' complaint alleges: "On the date indicated next to each defendant named on Schedule A, plaintiffs gave due notice to each said defendant in the manner prescribed by Section 47a-23 of the Connecticut General statutes to quit possession of The Premises on or before the first (1st) day of July, 1997. A copy of each said notice shall be filed with the court at or before the time of trial or default judgment, as applicable."
The gravamen of the defendants' claim is that the court lacks subject matter jurisdiction because the plaintiffs neither attached a copy of the notices to quit to their complaint nor quoted them in their complaint. In support of their position the defendants cite Johnson v. Prete Son Construction Co., Superior Court, judicial district of Middlesex, No. 75403 (1995) (Stanley,J.); Federal Deposit Insurance Co. v. Buono, Superior Court, judicial district of Stamford-Norwalk, Housing Session, No. SPNO 9407-16392 (1995) (Tierney, J.); Matties v. Saunders, Superior Court, judicial district of New Haven, Housing Session, No. SPNH 82072162 (1982) (Foti, J.); Levenstein v. Quinones, Superior Court, judicial district of New Haven, Housing Session, No. SPNH CT Page 9216 82-61752 (1982) (Foti, J.); East Hartford Estates v. Booker,
Superior Court, judicial district of Hartford-New Britain at Hartford, Housing Session No. SPH 820414487EH, HA 352 (1982)(Maloney, J.), and Meditto v. Sambitsky, Superior Court, judicial district of Hartford-New Britain at New Britain, Housing Session, No. SPN 7912978 NB, HA 189 (1980) (Spada, J.).
"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it . . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it . . . . Jurisdiction invokes the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which itis created. (Citations omitted; internal quotation marks omitted.) State v. Carey, 222 Conn. 299, 304-305, 610 A.2d 1147
(1992); Craig v. Bronson, 202 Conn. 93, 101, 520 A.2d 155 (1987)." (Emphasis added.) State v. Piorkowski, 37 Conn. App. 252, 258,656 A.2d 104 (1995), reversed on other grounds, 236 Conn. 388,672 A.2d 921 (1996); see HUD/Barbour-Waverly v. Wilson,235 Conn. 650, 657, 668 A.2d 1309 (1995) ("The legislature is the branch of government empowered to bestow subject matter jurisdiction."). "Practice Book rules do not ordinarily define subject matter jurisdiction." State v. Carey, supra, 222 Conn. 307; see Practice Book § 1;[2] cf. Larson v. Fazzino, 216 Conn. 431,434, 582 A.2d 179 (1990); Connelly v. Doe, 213 Conn. 66,70 n. 5, 566 A.2d 426 (1989); Lo Sacco v. Young, 210 Conn. 503, 508,555 A.2d 986 (1989); State v. Luzietti, 32 Conn. App. 1, 4-5,628 A.2d 8 (1993), affirmed, 230 Conn. 427, 646 A.2d 85
(1994). The case of Nicholas v. Bridgeport, 117 Conn. 398, 402,167 A. 826 (1933), on which several of the Superior Court cases citedsupra are based does not hold that the failure to annex to or "recite" in a complaint the contents of a notice required by statute is jurisdictional where the statute does not so mandate.
Neither the constitution nor any statute requires that a notice to quit in a Summary process action be annexed to or that its contents be quoted in the complaint. See General statutes § 47a-23a(a).[3] For this reason, the plaintiffs' failure to do so is not jurisdictional, and the motion to dismiss is denied.
BY THE COURT
CT Page 9217
Bruce L. Levin Judge of the Superior Court