## STATE OF CONNECTICUT *v.* RAPHAEL MENDEZ
### (AC 15063)

O'Connell, Foti and Freedman, Js.

Argued February 26—officially released May 27, 1997

*Richard S. Cramer,* for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom were *Victor Carlucci, Jr.,* assistant state's attorney, and, on the brief, *James E. Thomas,* state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, J. The defendant appeals from the trial court's judgment revoking his probation.[1] He claims that

---

[1] The record is unclear concerning the defendant's criminal record. The state's brief, however, contains the following statement, which the defendant does not appear to dispute: "The defendant's probation related back to an April 2, 1991 judgment of conviction of (1) carrying a pistol without a permit and (2) possession of a narcotic substance. General Statutes §§ 29-35, 21a-279. At that time the defendant was sentenced to a suspended five year term of imprisonment and three years of probation. The defendant subsequently

the trial court's denial of his motion for a continuance of his probation revocation hearing was an abuse of discretion. We affirm the judgment of the trial court.

The following facts are necessary for the resolution of this appeal. On January 8, 1995, while the defendant was on probation, he was arrested for conspiracy to possess narcotics with intent to sell in violation of General Statutes §§ 21a-277 and 53a-48. At the same time and place, Nancy Santiago and William Santiago were arrested on similar charges. On January 13, 1995, the defendant was charged with violation of probation as a result of his January 8, 1995 conduct.

On June 6, 1995, the defendant moved to continue the probation revocation proceeding "until such time as the codefendants, Nancy and William Santiago, are sentenced." In support of the motion for continuance, the defendant represented that (1) the Santiagos would each invoke the privilege against self-incrimination if called to testify at the defendant's probation revocation hearing, (2) William Santiago had given a sworn, written statement that was exculpatory of the defendant and (3) Nancy Santiago had stated orally that the defendant was not involved in the sale of narcotics at the time in question.

The trial court advised the defendant that, although it would consider a continuance of specific duration to allow him to present witnesses, it denied the requested

violated the terms of his probation, but, after a hearing, his probationary status was continued. However, on January 28, 1994, probation was revoked as a result of the defendant's February 2, 1993 conviction of assault in the third degree. General Statutes § 53a-61. As a result of the probation revocation, the defendant was sentenced to three years' incarceration. On November 22, 1994, the latter sentence was modified so as to reinstate the defendant's probation with special conditions requiring that he (1) reside at Cheney House, a halfway house, for six months, (2) perform 100 hours of community service, (3) complete his GED and prepare for full-time employment, and (4) submit to substance abuse testing and treatment as deemed necessary by the Department of Adult Probation."

continuance because it would delay the proceeding indefinitely.

On the basis of the evidence adduced at the probation revocation hearing, the trial court could have concluded as follows. On January 8, 1995, Detectives Anthony Martinez and Henry Martin of the Hartford police department received an anonymous report that Nancy Santiago and a male were selling narcotics from an apartment at 93 Hampton Street. The detectives observed several sales of narcotics at that address, and each time, after the door was opened, the detectives heard a woman call out, "Ralphy, get me a bag" or "two bags" depending on the quantity requested by the purchaser. The defendant's nickname is Ralphy. While the detectives were attempting to purchase narcotics from William Santiago, the defendant entered the room from the rear of the apartment and warned William Santiago that Martinez was a police officer. The police arrested the Santiagos and the defendant, and seized the contraband on the persons of the Santiagos. In addition, the police seized seven glassine bags of heroin and $794, which were in plain view.

The trial court found, on the basis of the defendant's possession of narcotics with intent to sell, that he had violated his probation. Accordingly, the trial court revoked the defendant's probation and ordered him to serve the remainder of his term of incarceration.

The defendant claims that the trial court abused its discretion by denying his request for a continuance and thereby violated his right to due process pursuant to the United States and Connecticut constitutions. Although the defendant has a right to present witnesses in his defense, it does not follow that he has a right to have the proceedings against him continued indefinitely in anticipation of an unavailable witness' becoming available. *State* v. *Gordon*, 197 Conn. 413, 424B–24C,

504 A.2d 1020 (1985). The trial court must consider countervailing interests, such as the reasonableness of the request, whether it might be dilatory, the relevance of the witness' anticipated testimony, the diligence of counsel's efforts to produce the witness or ascertain when the witness may be available, judicial economy and the court's need to control its docket. *State* v. *Williams*, 200 Conn. 310, 320–21, 511 A.2d 1000 (1986). The defendant must demonstrate that the denial of his request for a continuance was both arbitrary and prejudicial to his defense. *State* v. *Aillon*, 202 Conn. 385, 395, 521 A.2d 555 (1987).

The defendant relies on *State* v. *Williams*, supra, 200 Conn. 310, in which the defendant was accused of being a coconspirator in a robbery. Elbert Roberson, his coconspirator, told the police that he did not have an accomplice in the robbery and did not even know Williams. Because of this exculpatory statement of his codefendant, Williams' trial was severed from Roberson's. Williams moved for a continuance of his trial because he wanted to call Roberson as a witness and presented a letter from Roberson's attorney that if called prior to sentencing, Roberson would invoke his fifth amendment privilege against self-incrimination. The Supreme Court held that the trial court abused its discretion by refusing to grant the continuance. Id., 321. The court concluded that the request was reasonable because it would have given Williams the opportunity to confront Roberson at a time when he could no longer validly invoke his privilege against self-incrimination. Id.

The *Williams* case is distinguishable from the present case because the sentencing of Roberson, the proposed defense witness, was scheduled to take place on a date certain, approximately one month from the date of the defendant's motion for continuance. Id., 316. By contrast, in the present case, a continuance until after the

conclusion of the proceedings against Nancy Santiago and William Santiago could be lengthy and of indefinite duration. Both Santiagos had several cases pending and the defendant provided no information as to the likelihood that the cases would go to trial and, if so, when. The trial court pointed out that the Santiagos' cases were only two cases in a court with 400 firm jury criminal cases pending.

Furthermore, the testimony of the Santiagos was not the defendant's only source of evidence that, although he was present, he was not involved in the sale of narcotics. Raul Santiago was also present in the apartment at the time of the defendant's arrest, but was not arrested. The defendant offered no reason why Raul could not be called as an exculpatory witness in lieu of William Santiago and Nancy Santiago. Additionally, under the circumstances, William Santiago's sworn written statement might have been admissible in lieu of his testimony.[2]

Our Supreme Court has upheld the denial of requests for continuances of indefinite duration, particularly where counsel has taken no steps to ascertain when the defendant would be ready to proceed. *State* v. *Beckenbach*, 198 Conn. 43, 48, 501 A.2d 752 (1985); *State* v. *Gordon*, supra, 197 Conn. 424A–24C; *State* v. *Maldonado*, 193 Conn. 350, 361, 478 A.2d 581 (1984). The defendant failed to establish that his need for William Santiago's and Nancy Santiago's testimony was sufficiently compelling and outweighed the trial court's need to dispose of the case without undue delay. *State* v. *Williams*, supra, 200 Conn. 320–21. Accordingly, we conclude that the defendant has failed to demonstrate

[2] The trial court has discretion to allow hearsay evidence at a probation revocation hearing if it is relevant, reliable and probative. *State* v. *Scott*, 31 Conn. App. 660, 666 n.3, 626 A.2d 817 (1993).

that the denial of his request for a continuance was arbitrary and prejudicial.

The judgment is affirmed.

In this opinion the other judges concurred.