STATE OF CONNECTICUT *v.* CLINTON MCDEVITT
(AC 25236)

Schaller, Bishop and Gruendel, Js.

---

Argued November 18, 2005—officially released March 21, 2006

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan*, state's attorney, and *Deborah Mabbett*, assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Clinton McDevitt, appeals from the judgment of conviction, rendered after a jury trial, of burglary in the third degree in violation

of General Statutes § 53a-103 and larceny in the fourth degree in violation of General Statutes § 53a-125. The trial court also found him guilty of being a persistent serious felony offender in violation of General Statutes § 53a-40 (c), as alleged in a part B information. On appeal, the defendant claims that (1) the court improperly concluded that he was a persistent serious felony offender because he was not "imprisoned under an imposed term of more than one year" for a prior conviction, (2) the court improperly imposed an enhanced sentence without considering whether an extended incarceration would best serve the public interest pursuant to General Statutes § 53a-40 (j) and (3) the sentence imposed for conviction of the part B information was an illegal sentence because it was a separate, consecutive term of imprisonment. We disagree with the defendant's claims and affirm the judgment of the trial court.

The following facts and procedural history are necessary for our resolution of the defendant's appeal. In connection with an incident occurring on September 30, 2002,[1] the defendant was arrested and charged with burglary in the third degree in violation of § 53a-103 and larceny in the third degree in violation of General Statutes § 53a-124. Subsequently, a charge was added for failure to appear in the first degree in violation of General Statutes § 53a-172. The jury found the defendant guilty of burglary in the third degree and the lesser included offense of larceny in the fourth degree, and

[1] The jury reasonably could have found from the evidence that the defendant had broken into a motor vehicle parked at the Stratford train station and drove off using a spare key found in a tote bag inside the vehicle. He then drove to the victims' residence in the Sandy Hook section of Newtown and used the garage door opener to gain access to the home. Once inside, the defendant loaded into the vehicle a gas grill, an air compressor tank, a power washer with one of the victim's initials on it, hedge trimmers, a baby stroller, a battery charger, a case of soda and an alcoholic beverage. He subsequently sold the items to a used appliance store.

not guilty of larceny in the third degree and failure to appear in the first degree. The defendant elected to be tried to the court on the part B information charging him with being a persistent serious felony offender. A certified copy of the defendant's 1998 judgment of conviction for larceny in the first degree, for which he received a three year sentence, was introduced into evidence. The defendant also stipulated that he was in fact the individual named in the copy of that conviction. On the basis of that evidence, the court found the defendant guilty of being a persistent serious felony offender. The court sentenced the defendant to a term of incarceration of four years for his burglary conviction and one year of incarceration for his larceny conviction. The sentences are to run concurrently. The defendant's sentence on the burglary conviction was enhanced by two and one-half years in accordance with his conviction of the part B information for a total effective sentence of six and one-half years. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly concluded that he was a persistent serious felony offender because he was not "imprisoned under an imposed term of more than one year" for his prior conviction. We disagree.

At the outset, we identify the standard of review and applicable legal principles that guide our resolution of this claim. "Because the defendant's . . . claim presents a question of statutory interpretation, our review is plenary. . . . [General Statutes § 1-2z] provides that, [t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does

not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Citation omitted; internal quotation marks omitted.) *State* v. *Surette*, 90 Conn. App. 177, 180–81, 876 A.2d 582 (2005).[2]

The thrust of the defendant's claim is that the term of imprisonment for his prior conviction, three years, was to be served concurrently with another prior sentence he was already serving at that time, and that that concurrent sentence does not meet the requirement that a persistent serious felony offender must be "imprisoned under an imposed term of more than one year . . . ." General Statutes § 53a-40 (c). In the part B information, the defendant was charged with being a persistent serious felony offender on the basis of a prior conviction on or about September 11, 1998, when he was convicted of larceny in the first degree, in violation of General Statutes § 53a-122, and sentenced to three years imprisonment. That 1998 larceny sentence was concurrent to a sentence he was already serving at that time on an unrelated matter. The defendant argues that the concurrent sentence does not satisfy the statute to bring him within the definition of a persistent serious felony offender.

Our Supreme Court expressly has rejected the defendant's argument. In *State* v. *Clemons*, 168 Conn. 395, 408, 363 A.2d 33, cert. denied, 423 U.S. 855, 96 S. Ct. 104, 46 L. Ed. 2d 80 (1975), the defendant argued that under the predecessor to § 53a-40, a concurrent term of incarceration did not satisfy a separate conviction and sentence. In *Clemons*, the defendant was convicted

---

[2] In its brief, the state did not object to our review of the defendant's unpreserved claim and acknowledged that our Supreme Court has reviewed such unpreserved claims in the past under the plain error doctrine set forth in Practice Book § 60-5. See *State* v. *Velasco*, 253 Conn. 210, 218 n.9, 751 A.2d 800 (2000); *State* v. *Sinclair*, 184 Conn. 215, 216–17, 439 A.2d 945 (1981). We will, therefore, review the defendant's claim.

of being a third offender on the basis of two prior convictions, the first on August 16, 1966, and the second on April 19, 1968. Id. The defendant was paroled on his 1966 conviction. Id. While he was still on parole, his sentence on the 1968 conviction was imposed to run concurrently with the 1966 sentence. Id., 407–408. The defendant contended that the 1968 sentence could not constitute a second separate imprisonment for the purpose of making him a third offender. Id., 408. Our Supreme Court stated that "[t]here is no merit to this argument. Placing such a construction on this statute and its successor, § 53a-40, would tend to discourage concurrent sentences. The 1966 and 1968 convictions constitute separate judgments upon each of which the defendant was required to serve a set period of imprisonment. . . . The imposition of a concurrent sentence is not an empty act, as the defendant's argument implies. Rather, it allows the court the flexibility of setting definite periods of imprisonment that fit the particular defendant's situation, despite the number of offenses to which the sentences apply; they remain, however, separate terms of imprisonment which the legislature has permitted to be served at one time." Id., 408–409.

Following the precedent set forth in *Clemons*, we conclude that the defendant's concurrent sentence of three years for his 1998 conviction is a separate term of imprisonment that satisfies the requirement of § 53a-40 (c) that the defendant must have been previously "convicted of and imprisoned under an imposed term of more than one year . . . in this state . . . for a crime. . . ." General Statutes § 53a-40 (c); see also *Howard* v. *Commissioner of Correction*, 230 Conn. 17, 23, 644 A.2d 874 (1994). The court's determination, therefore, that the defendant was guilty of being a persistent serious felony offender, was proper.

II

The defendant next claims that the court improperly imposed an enhanced sentence without considering

whether an extended incarceration would best serve the public interest pursuant to § 53a-40 (j). The defendant failed to preserve this claim for review properly, and did not attempt to invoke appellate review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine set forth in Practice Book § 60-5. "In the absence of such a request, we have, in the past, declined to review a defendant's claim under similar circumstances." (Internal quotation marks omitted.) *State* v. *Jones*, 50 Conn. App. 338, 347, 718 A.2d 470 (1998), cert. denied, 248 Conn. 915, 734 A.2d 568 (1999). We decline, therefore, to address the defendant's second claim of error.[3]

### III

The defendant's final claim is that by imposing a consecutive two and one-half year sentence for being a persistent serious felony offender, the court imposed an illegal sentence on the defendant.

"An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates

---

[3] Despite the fact that we decline to review the defendant's unpreserved claim, we note that there is ample evidence in the record to suggest that the court weighed the factors identified by the defendant. The court heard a statement by one of the victims as to the extent the defendant's conduct has affected him, his family and the community. The court then heard from the defendant's counselor regarding the defendant's drug addiction, employment record, and community ties before he committed the offenses. The court also analyzed the defendant's criminal history and heard a statement from the defendant himself. The court weighed various factors, including the fact that the defendant used the victims' car to commit the burglary, the way the defendant committed the crime, which would have placed children in danger had they been home, and the repeat nature of the offenses, countervailed with the defendant's initial cooperation with the police and his apology in open court. Finally, the court stated, "I hope you understand the response I make today, which may dissatisfy some or satisfy others, is done because *society needs us to do it*." (Emphasis added.) It is clear that the court did weigh the defendant's history, his character, the nature and circumstances of the crime and what was in the public interest in imposing a sentence enhancement.

a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates [a] defendant's right[s] . . . ." (Internal quotation marks omitted.) *State* v. *Taylor*, 91 Conn. App. 788, 792–93, 882 A.2d 682, cert. denied, 276 Conn. 928, 889 A.2d 819 (2005). "[A] defendant may challenge his or her criminal sentence on the ground that it is illegal by raising the issue on direct appeal or by filing a motion pursuant to [Practice Book] § 43-22 with the judicial authority, namely, the trial court." *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 38, 779 A.2d 80 (2001).

At oral argument before this court, the defendant acknowledged that in light of the judgment, the trial court did not impose two consecutive sentences, but rather enhanced the sentence for his conviction of burglary in the third degree from four years to six and one-half years.

Under § 53a-40 (j), "[w]hen any person has been found to be a persistent serious felony offender . . . the court in lieu of imposing the sentence of imprisonment . . . authorized by section 53a-35a . . . may impose the sentence of imprisonment authorized by said section for the next more serious degree of felony." Burglary in the third degree is a class D felony. General Statutes § 53a-103. The plain language of § 53a-40 (j) authorized the court, after finding the defendant to be a persistent serious felony offender, to sentence him under his burglary conviction, as if he had been convicted of a class C felony, to "a term not less than one year nor more than ten years . . . ." General Statutes § 53a-35a (6). Accordingly, the defendant's six and one-half year sentence on his burglary conviction does not exceed the maximum limits authorized by statute, does not violate his double jeopardy rights and is not ambigu-

ous or internally contradictory. By enhancing the defendant's sentence on his burglary conviction, the sentence imposed did not violate any of the defendant's rights and is not an illegal sentence.

The judgment is affirmed.

In this opinion the other judges concurred.