STATE OF CONNECTICUT *v.* HOWARD WILCOX
(AC 28426)

Flynn, C. J., and Lavine and Foti, Js.

Argued October 10—officially released December 18, 2007

*James F. Spallone*, for the plaintiff in error.

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, was *Timothy J. Liston*, state's attorney, for the defendant in error.

*Opinion*

FLYNN, C. J. The plaintiff in error, Howard Wilcox, brings a writ of error challenging the decision of the defendant in error, the sentence review division of the Superior Court (panel), affirming his sentence. On appeal, the plaintiff in error claims that the panel improperly denied his motion for a continuance in contravention of Practice Book § 43-27.[1] We dismiss the writ of error.

The following facts and procedural history are relevant to our resolution of this issue. Following a jury trial in 1997, the plaintiff in error was convicted of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70 (a) (1), assault in the third degree in violation of General Statutes § 53a-61 (a) (1) and falsely reporting a motor vehicle theft in violation of General Statutes § 14-198. In February, 1998, the trial court rendered judgment in accordance with the jury verdict and sentenced the plaintiff in error to a total effective sentence of forty years, execution suspended after thirty-four years. The plaintiff in error's conviction was affirmed on appeal. See *State* v. *Wilcox*, 254 Conn. 441, 758 A.2d 824 (2000).

In March, 1998, while the appeal was pending, the plaintiff in error filed an application for sentence review

[1] Practice Book § 43-27 provides: "A hearing upon an application filed under Section 43-24 shall be conducted expeditiously upon receipt by the review division of the materials submitted by the clerk under Sections 43-23 through 43-28. The parties may file such briefs or memoranda as are appropriate to assist the division in the discharge of its duties. Counsel for the defendant and the defendant shall address the panel of judges in support of the application. Upon request of the defendant the review division shall hear his or her application while an appeal or collateral review is pending."

pursuant to General Statutes § 51-195 and Practice Book § 43-23 et seq. In 2001, the plaintiff in error filed a pro se federal habeas corpus petition. Due to multiple continuances, the sentence review hearing was not held until September 28, 2004. At the start of the hearing, the plaintiff in error filed a motion for a continuance due to the pendency of the federal habeas petition. He indicated he was "ready to proceed" if the motion was denied. The panel denied the motion, the hearing went forward, and, on March 24, 2005, the panel issued its decision, affirming the plaintiff in error's sentence. The plaintiff in error then filed a direct appeal to this court on April 12, 2005, claiming that the panel improperly refused to grant his motion for a continuance on September 28, 2004. This court dismissed the appeal. The plaintiff in error subsequently brought this writ of error to the Supreme Court, which transferred the writ to this court pursuant to Practice Book § 65-1.

I

The plaintiff in error claims that the panel improperly denied his motion for a continuance of the sentence review hearing. Specifically, he argues that the panel lacked discretion to deny his motion because Practice Book § 43-27 mandates that the sentence review hearing shall proceed during the pendency of an appeal or collateral review only if the applicant affirmatively requests that such hearing proceed, and he did not so request. We disagree.

We begin by setting forth the standard of review. It is "well settled law that [t]he determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." (Internal quotation marks omitted.) *State* v. *Rivera*, 268 Conn. 351, 378, 844 A.2d 191 (2004). Because, however, the plaintiff

in error's claim requires an examination into the meaning of § 43-27, we are guided by our well settled rules of statutory construction with respect to our analysis of that section and conduct plenary review over this question of law. See *State* v. *Bell*, 283 Conn. 748, 786, 931 A.2d 198 (2007). The rules of statutory construction apply with equal force to the rules of practice. *State* v. *Tutson*, 278 Conn. 715, 731, 899 A.2d 598 (2006).

"A basic tenet of statutory construction is that when a statute [or rule of practice] is clear and unambiguous, there is no room for construction." (Internal quotation marks omitted.) *State* v. *Genotti*, 220 Conn. 796, 807, 601 A.2d 1013 (1992). When there is ambiguity, however, "we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *State* v. *Pare*, 253 Conn. 611, 621, 755 A.2d 180 (2000). "It is . . . a fundamental principle of statutory construction that courts must interpret statutes using common sense and assuming that the legislature intended a reasonable and rational result. . . . Courts also must not interpret statutes in such a manner so as to thwart their purpose." (Citation omitted.) *State* v. *Prazeres*, 97 Conn. App. 591, 597, 905 A.2d 719 (2006). With these standards as a guide, we commence our review.

The following sentence from § 43-27 is at issue: "Upon request of the defendant the review division shall hear his or her application while an appeal or collateral review is pending." Practice Book § 43-27. The plaintiff in error focuses on this sentence and claims that it clearly and unambiguously gives him control over the timing of sentence review while an appeal or collateral review is pending. The panel argues that the rule of

practice is susceptible to alternative, conflicting inter-
pretations, and guidance from extrinsic aids, such as
legislative history, reveals that the plaintiff in error mis-
construes the meaning of the rule. We agree with the
panel that the rule of practice is ambiguous and turn
to an examination of the legislative history and circum-
stances surrounding its adoption.

The interpretation urged by the plaintiff in error, that
the applicant controls the time of the hearing if an
appeal or collateral review is pending, is not compatible
with the language of § 43-27 itself or its commentary,
both of which indicate that sentence review is to be
conducted expeditiously. Section 43-27 requires that
"[a] hearing upon an application filed under Section 43-
24 shall be conducted *expeditiously* upon receipt by
the review division of the materials submitted by the
clerk under Sections 43-23 through 43-28." (Emphasis
added.) Additionally, "[s]entence review is available
while appeal on the merits or collateral attack is pend-
ing." L. Orland & D. Borden, 4 Connecticut Practice
Series: Criminal Procedure (3d Ed. 1999) § 43-27, com-
ments, p. 581.

Additionally, § 43-27 does not contain language grant-
ing a defendant the right to delay or postpone the sen-
tence review hearing. The rules of practice contain
numerous provisions granting relief from time con-
straints. See, e.g., Practice Book § 11-16 (argument on
motion continued); Practice Book § 41-4 (failure of
party to comply with rules regarding time is waiver
unless good cause shown); Practice Book § 42-52
(motion for judgment of acquittal within five days
unless extended by judicial authority). Therefore, the
silence in § 43-27 indicates an intent not to confer such
a right on a defendant. See *State* v. *Culver*, 97 Conn.
App. 332, 341–42, 904 A.2d 283 (when legislature uses
language to show it knows how to accomplish some-
thing, absence of similar language shows legislature

intended different result), cert. denied, 280 Conn. 935, 909 A.2d 961 (2006).

The sentence review provisions of Practice Book § 43-23 et seq. parallel the sentence review statutes, General Statutes § 51-194 et seq.[2] Accordingly, the circumstances surrounding the enactment of the sentence review statutes can provide insight into the meaning of the rule of practice at issue. "[T]he legislature passed the Sentence Review Act in 1957; Public Acts 1957, No. 436; to reduce the disparity in sentences meted out by different judges and, thereby, to quell prisoner discontent. The purpose and effect of the Sentence Review Act is to afford a convicted person a limited appeal for reconsideration of his [or her] sentence. . . . It thus gives him [or her] an optional de novo hearing as to the punishment to be imposed."[3] (Internal quotation

---

[2] Specifically, the editor's note to the final draft in January, 1976, of the proposed rules of criminal procedure explained that the then rule 43, which is now Practice Book § 43-27, was based on General Statutes § 51-196 and "conform[ed] with the Review Division's present practice."

General Statutes § 51-196 provides in relevant part: "(a) The review division shall, in each case in which an application for review is filed in accordance with section 51-195, review the judgment so far as it relates to the sentence or commitment imposed, either increasing or decreasing the penalty, and any other sentence imposed on the person at the same time, and may order such different sentence or sentences to be imposed as could have been imposed at the time of the imposition of the sentence under review, or may decide that the sentence or commitment under review should stand.

"(b) In reviewing any judgment, the review division may, for good cause, waive its authority to increase the penalty and may, thereafter, conduct a hearing on such application without the applicant being present. Nothing in this section shall be construed to prohibit an applicant from having counsel present or from appearing pro se at the hearing. In reviewing any judgment, said division may require the production of presentence or precommitment reports and any other records, documents or exhibits connected with such review proceedings."

[3] "The [sentence review] act establishes a sentence review division consisting of three Superior Court judges appointed by the chief justice. General Statutes § 51-194. Any person receiving a nonmandatory sentence of confinement for one year or more may apply for review of sentence. General Statutes § 51-195. On review of the original sentence the division is authorized to

marks omitted.) *James L.* v. *Commissioner of Correction,* 245 Conn. 132, 144, 712 A.2d 947 (1998). Section 51-195 sets forth a thirty day filing period for applications for sentence review.[4] The legislative history of § 51-195 "suggests that the legislature imposed the thirty day time limit in order to promote finality in sentencing. When asked to comment on the thirty day time limit, Justice Patrick B. O'Sullivan stated: 'We had to put a finality to [the period for sentence review].' Conn. Joint Standing Committee Hearings, Judiciary and Governmental Functions, Pt. 2, 1957 Sess., p. 405." *James L.* v. *Commissioner of Correction,* supra, 146. This legislative intent to promote finality in sentencing runs contrary to the plaintiff in error's contention that a defendant seeking review controls the timing of the hearing.

Given the entire sentence review scheme, which promotes expeditious review and finality, the plaintiff in error cannot be correct when he takes one sentence from § 43-27 out of context and claims that it confers on him an absolute right to postpone the sentence review

---

let the original sentence stand, to increase or decrease it or may order such different sentence to be imposed as could have been imposed at the time of the original sentence. General Statutes § 51-196 . . . . It meets the complaints that gave birth to the Sentence Review Act by providing a judicial body with discretionary authority to review prison sentences." (Citations omitted.) *State* v. *Nardini,* 187 Conn. 109, 119–22, 445 A.2d 304 (1982).

[4] General Statutes § 51-195 provides in relevant part: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence, except in any case in which a different sentence could not have been imposed or in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement, file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. . . ."

hearing while an appeal or collateral review is pending. "It is a basic tenet of statutory construction that the intent of the legislature is to be found not in an isolated phrase or sentence but, rather, from the statutory scheme as a whole." *State* v. *Breton,* 235 Conn. 206, 226, 663 A.2d 1026 (1995); see also *Thames Talent, Ltd.* v. *Commission on Human Rights & Opportunities,* 265 Conn. 127, 136, 827 A.2d 659 (2003) (in ascertaining statutory meaning, we look to, inter alia, relationship of statute to other legislation); *Waterbury* v. *Washington,* 260 Conn. 506, 557, 800 A.2d 1102 (2002) (statutes relating to same subject matter are construed so as to create rational, coherent and consistent body of law).

Therefore, in accordance with the sentence review scheme, we interpret the portion of § 43-27 providing that "[u]pon request of the defendant the review division shall hear his or her application while an appeal or collateral review is pending," to mean that a defendant who chooses to challenge his conviction by way of an appeal or collateral review is in the same position with respect to sentence review as a defendant who chooses not to do so. In other words, sentence review "is available while appeal on the merits or collateral attack is pending." L. Orland & D. Borden, supra, § 43-27, comments, p. 581; see also A. Spinella, Connecticut Criminal Procedure (1985) p. 774 ("[t]he filing of a sentence review application will not stay execution of the sentence, although the division will provide prompt review by agreeing to entertain the petition even though an appeal or collateral proceeding is pending"). This interpretation, in keeping with the sentence review scheme, promotes finality and expeditious resolution in sentencing. "If a [provision] is capable of two constructions, one that is rational and effective in accomplishing the evident legislative object, and the other leading to bizarre results destructive of that purpose, the former should prevail." (Internal quotation marks

omitted.) *State* v. *Burns*, 236 Conn. 18, 23, 670 A.2d 851 (1996).

On the basis of the foregoing, we conclude that the plaintiff in error does not have an absolute substantive right to postpone his sentence review hearing during the pendency of his federal habeas petition, and the panel had discretion in ruling on his motion for a continuance.[5]

## II

We next turn our analysis to whether the discretion held by the panel in ruling on the plaintiff in error's

---

[5] The plaintiff in error argues that he was denied due process of law under the state and federal constitutions because he was denied the procedural protection of § 43-27, which, as he contends, grants him the right to postpone his sentence review hearing indefinitely while an appeal or collateral review is pending. The plaintiff in error has not demonstrated that § 43-27 grants him an absolute right to continue sentence review proceedings as long as an appeal or collateral proceeding is pending, and, consequently, the panel did not violate his right to due process by denying his motion for a continuance.

The plaintiff in error also argues that the panel's denial of his right under § 43-27 implicates his right to allocution. Specifically, he argues that forcing him to proceed with the sentence review hearing through the denial of his motion for a continuance compelled him to choose between his right to allocution and his right to remain silent and therefore deprived him of his right to allocution. Nothing in § 43-27 speaks to the plaintiff in error's right to allocution, and § 43-27 does not grant an applicant such an absolute right to a continuance during the pendency of an appeal or collateral review. Accordingly, requiring the plaintiff in error to choose whether to allocute at his sentence review hearing in light of the denial of his motion for a continuance does not deprive him of his right to allocution. "The criminal process, like the rest of the legal system, is replete with situations requiring the making of difficult judgments as to which course to follow." (Internal quotation marks omitted.) *State* v. *Perkins*, 271 Conn. 218, 233, 856 A.2d 917 (2004). "[T]he policies of the privilege against compelled self-incrimination are not offended when a defendant in a capital case yields to the pressure to testify on the issue of punishment at the risk of damaging his case on guilt." *McGautha* v. *California*, 402 U.S. 183, 217, 91 S. Ct. 1454, 28 L. Ed. 2d 711 (1971). What is forbidden is coercing a defendant to speak or penalizing his silence. *Mitchell* v. *United States*, 526 U.S. 314, 328, 119 S. Ct. 1307, 143 L. Ed. 2d 424 (1999).

motion for a continuance was abused. We conclude that the panel acted within its discretion in denying the motion.

We first set forth our well settled standard of review. "[T]he determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made. . . . To prove an abuse of discretion, an appellant must show that the trial court's denial of a request for a continuance was arbitrary. . . . There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." (Internal quotation marks omitted.) *State* v. *Rivera*, supra, 268 Conn. 378. "We have identified several factors that a trial court may consider when exercising its discretion in granting or denying a motion for continuance. . . . These factors include the likely length of the delay . . . the impact of delay on the litigants, witnesses, opposing counsel and the court . . . the perceived legitimacy of the reasons proffered in support of the request . . . [and] the likelihood that the denial would substantially impair the defendant's ability to defend himself . . . ." (Internal quotation marks omitted.) *State* v. *Lopez*, 280 Conn. 779, 787, 911 A.2d 1099 (2007).

Under the circumstances, and with due regard for broad leeway possessed by trial courts to grant or to deny continuances, it cannot be said that the panel abused its discretion in denying the plaintiff in error's request for a continuance. Counsel for the plaintiff in error argued at the September 28, 2004 sentence review hearing that, although the matter had been continued

on a couple of occasions due to the pendency of a habeas corpus petition in federal court, he again sought delay during the pendency of that petition.[6] Counsel for the plaintiff in error represented in his written motion and before the panel on September 28, 2004, that he had been informed by the clerk for the United States District Court for the District of Connecticut that the habeas petition likely would be ruled on in the near future, but he did not know exactly when that would be. A continuance likely was to be of indefinite duration because the plaintiff in error sought a continuance until his federal habeas petition was decided at some unspecified date in the future and furthermore did not indicate whether he would abide by the District Court's ruling. "This court and our Supreme Court have upheld denials of requests for continuances when they are sought for indefinite durations. See, e.g., *State* v. *Gordon,* 197 Conn. 413, 424A–C, 504 A.2d 1020 (1985); *State* v. *Mendez,* [45 Conn. App. 282, 285–86, 696 A.2d 352 (1997)]." *State* v. *Wright,* 70 Conn. App. 807, 821, 800 A.2d 1218, cert. denied, 261 Conn. 930, 806 A.2d 1070 (2002).[7]

For all the foregoing reasons, the writ is dismissed.

In this opinion the other judges concurred.

---

[6] When asked at the sentence review hearing, the plaintiff in error's counsel explained to the panel that the federal habeas petition concerned an alleged violation of *Brady* v. *Maryland,* 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and did not include a claim concerning his representation at trial.

[7] In fact, the federal District Court denied the plaintiff in error's habeas petition on September 29, 2004, and ordered the petition dismissed. The timing of the court's action does not affect our analysis.