# STATE OF CONNECTICUT *v.* WESLEY E. BRANDT
## (AC 30760)

Beach, Alvord and Pellegrino, Js.

Argued October 23, 2009—officially released January 5, 2010

*William F. Hickey III*, for the appellant (defendant).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Don E. Therkildsen, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

BEACH, J. To satisfy the second offender requirements established by the statute proscribing driving

while intoxicated, the conduct forming the basis for the second offense must occur after the conviction for the first offense. Because the trial court held to the contrary in ruling on a motion to vacate pleas and sentences, we reverse in part the court's judgments. The defendant, Wesley E. Brandt, appeals from the judgments of the trial court convicting him of driving under the influence of intoxicating liquor or drugs and sentencing him, in accordance with his guilty pleas, as a repeat offender in connection with two separate incidents. The defendant claims that the court improperly denied his motion to vacate his pleas of guilty to a part B information charging him with being a repeat offender in connection with both incidents pursuant to General Statutes § 14-227a (g) and to vacate his resulting sentences. The state agrees with the defendant that the court should have granted his motion to vacate his pleas and sentences regarding the part B information.

The following undisputed facts and procedural history are relevant to the defendant's appeal. On May 14, 2007, the defendant was arrested in Waterbury and charged with one count of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a. This case was docketed at geographical area number four in Waterbury (Waterbury case). The court subsequently granted the defendant's application to enter the pretrial alcohol education program. Before the Waterbury case was dismissed, however, the defendant was arrested in North Haven on June 2, 2008, and charged with one count of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a. This case was docketed at geographical area number seven in Meriden (Meriden case). Two days later, on June 4, 2008, the defendant was arrested in Plainville and charged with one count of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a. This case

was docketed at geographical area number seventeen in Bristol (Bristol case). As a result of the latter two arrests, the defendant's participation in the pretrial alcohol education program was revoked.

In October, 2008, counsel for the defendant and the prosecutor reported to the court in Waterbury that the defendant had three driving under the influence cases pending and that the parties were seeking to consolidate them for disposition. In November, 2008, counsel reported to the court that they had reached a plea agreement and sought the court's approval. That agreement provided, inter alia, that the defendant would be sentenced as a first offender twice and as a second offender once. Sometime shortly thereafter, counsel reported to the court that the prosecutor at geographical area number seven in Meriden opposed the transfer of that case to Waterbury unless the defendant first entered a guilty plea in the Meriden case. On December 15, 2008, the defendant entered a guilty plea in the Meriden case and that matter was transferred to Waterbury for sentencing. The Bristol case was transferred to Waterbury prior to plea.

On December 22, 2008, counsel informed the court that they had reached an amended plea agreement, whereby the defendant would be treated as a first offender in the case transferred from the Meriden court and as a second offender twice on the two other cases. On January 12, 2009, the defendant entered guilty pleas in the Waterbury and Bristol cases to two counts of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a (2) and to two part B charges of being a second offender pursuant to § 14-227a (g).[1] The court thereafter imposed a total effective sentence on all three files of eighteen months

[1] As noted previously, the defendant already had pleaded guilty in the Meriden case.

imprisonment, execution suspended after 122 days, followed by two years probation and a $2500 fine.

On January 16, 2009, the state made an oral motion to vacate the defendant's pleas and sentences. The court directed the state to file a written motion. The state and the defendant agreed that the defendant would file a written motion. The defendant filed a motion to vacate the pleas and sentences. Following a hearing, the court denied the motion. The court reasoned that because the defendant, on December 15, 2008, pleaded guilty in the Meriden case to a violation of § 14-227a, he was subject to the enhanced penalty as a second offender when, on January 12, 2009, he simultaneously pleaded guilty in the Waterbury and Bristol cases. This appeal followed.

On appeal, the defendant claims that the court improperly denied his motion to vacate because his pleas of guilty to the part B charges that accused him of being a repeat offender pursuant to § 14-227a (g) and his resulting sentences were improperly and illegally entered. The defendant's claim concerns his pleas and resulting sentences regarding the part B information charging him, under § 14-227a (g), in the Waterbury and Bristol cases with being a second offender of § 14-227a. He argues that he cannot be subjected to the enhanced penalty in the Waterbury and Bristol cases as a second offender of § 14-227a, as enunciated in § 14-227a (g), because his conviction in the Meriden case occurred after the conduct underlying the violations of § 14-227a in the Waterbury and Bristol cases. He argues that he should have been treated as a first offender in all three cases. We agree.

The standard of review for a court's denial of a motion to vacate is limited to a determination of whether the trial court abused its discretion. *State* v. *Rothenberg,*

195 Conn. 253, 264, 487 A.2d 545 (1985). Because, however, the defendant's claim requires an examination into the meaning of § 14-227a (g), we are guided by our well settled rules of statutory construction with respect to our analysis of that section and conduct plenary review of this question of law. See *State* v. *Wilcox*, 105 Conn. App. 24, 27, 936 A.2d 295 (2007), cert. denied, 286 Conn. 909, 944 A.2d 981 (2008).[2]

Section 14-227a (g), a sentence enhancement provision, provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall: (1) For conviction of a first violation, (A) be fined not less than five hundred dollars or more than one thousand dollars, and (B) be (i) imprisoned not more than six months . . . (2) *for conviction of a second violation within ten years after a prior conviction for the same offense,* (A) be fined not less than one thousand dollars or more than four thousand dollars, (B) be imprisoned not more than two years . . . and (3) for conviction of a third and subsequent violation within ten years after a prior conviction for the same offense, (A) be fined not less than two thousand dollars or more than eight thousand dollars, (B) be imprisoned not more

[2] "The principles that govern statutory construction are well established. When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *Friezo* v. *Friezo*, 281 Conn. 166, 181–82, 914 A.2d 533 (2007).

than three years . . . ." (Emphasis added.) The plain language of this statute does not unambiguously resolve the issue before us: it is not immediately clear from the italicized language whether a second *conviction* must follow the prior conviction or whether a second *violation* must follow the prior conviction.

*State* v. *Burns*, 236 Conn. 18, 670 A.2d 851 (1996), which interprets General Statutes (Rev. to 1993) § 14-227a (h),[3] the predecessor to § 14-227a (g), however, is controlling. The certified issue in that case was: "Under General Statutes § 14-227a (h) (3), is the five year period measured from the date of the prior conviction to the date of the current conviction, or from the date of the prior conviction to the date of the current violation?" (Internal quotation marks omitted. ) *State* v. *Burns*, supra, 21 n.4. The court concluded that "the legislature's purpose in undertaking its enactment requires the conclusion that the relevant period runs to a third violation." Id., 24–25. The court reasoned that "[b]ecause the legislature's overall goal in enacting § 14-227a (h) (3) was unambiguous, we are persuaded that the phrase 'for conviction of a third violation within five years after a prior conviction for the same offense . . .' can reasonably be construed only as imposing enhanced penalties on those whose third violation of § 14-227a (a) occurs within the five year period, regardless of when that conviction occurs. In enacting § 14-227a (h) (3), the legislature sought to deter dangerous conduct, not to influence the timing of a subsequent conviction arising from such conduct." Id., 26.

Therefore, according to *Burns*, for a defendant to be subject to the enhanced penalties for subsequent

[3] General Statutes (Rev. to 1993) § 14-227a (h) provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third violation within five years after a prior conviction for the same offense," be subject to certain penalties.

offenders under § 14-227a, he first must have been convicted under § 14-227a and later must have violated the statute. The defendant in this case had not been convicted as a first offender in the Meriden case at the time of the commission of the second and third violations in the Waterbury and Bristol cases.[4] In fact, the defendant was sentenced in all three cases on January 12, 2009, and accordingly, the violations in the Bristol and Waterbury cases occurred prior to the defendant's having been sentenced in the Meriden case.[5] Accordingly, the persistent offender provision of § 14-227a (g) is not applicable. The court erroneously denied the defendant's motion to vacate his pleas to the part B charges that accused him of being a repeat offender pursuant to § 14-227a (g) and to vacate his resulting enhanced sentences.

The judgments are reversed only as to the denial of the motion to vacate as to the two counts of the part

---

[4] The Waterbury violation occurred in May, 2007, more than one year prior to the violation in the Meriden case, which occurred in June, 2008.

[5] "[T]o prove a conviction, it is necessary to show it by the record of a valid, subsisting final judgment." (Internal quotation marks omitted.) *State* v. *Henton*, 50 Conn. App. 521, 532, 720 A.2d 517, cert. denied, 247 Conn. 945, 723 A.2d 322 (1998). "In a criminal proceeding, there is no final judgment until the imposition of a sentence." (Internal quotation marks omitted.) *State* v. *Jenkins*, 288 Conn. 610, 617, 954 A.2d 806 (2008).

In *State* v. *Ledbetter*, 240 Conn. 317, 692 A.2d 713 (1997), which is cited by both the defendant and the state in their respective briefs, our Supreme Court discussed General Statutes (Rev. to 1993) § 53a-40 (d), now (f), a sister penalty enhancement statute. General Statutes (Rev. to 1993) § 53a-40 (d) provided, as does (f) today: "A persistent felony offender is a person who (1) stands convicted of a felony other than a class D felony, and (2) has been, at separate times prior to the commission of the present felony, twice convicted of a felony other than a class D felony." The court opined that "in order to advance the legislative intent that [General Statutes (Rev. to 1993)] § 53a-40 (d) be a solution to the problem of recidivism, its enhanced penalty appropriately applies only to those offenders who, despite having been given an opportunity to reform through a sequence of conviction and punishment for each prior offense, nevertheless continue a life of crime." *State* v. *Ledbetter*, supra, 328. At the time of the violations in the Waterbury and Bristol cases, the defendant had not been convicted in the Meriden case.

 

B information and the case is remanded for further proceedings according to law. The judgments are affirmed in all other respects.

In this opinion the other judges concurred.